1

2

3

4

5

6

7

8                       IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELWOOD DUANE HAYES,

11              Petitioner,                    No. 2:11-cv-01378 LKK KJN P

12       vs.

13   CALIFORNIA SUPREME COURT, et al.,

14              Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner, a state prisoner proceeding without counsel, has filed a 377-page

17   amended[1] petition for writ of mandamus to compel the California Supreme Court to rule on his

18   petition for writ of mandate pending in that court.  Petitioner also names California's Third

19   District Court of Appeal, the Siskiyou County Superior Court, the California Attorney General,

20   and petitioner's appellate counsel, Thea Greenholgh.  Petitioner seeks to challenge his conviction

21   and sentence on several grounds, including ineffective assistance of counsel.  In addition,

22   petitioner has filed two motions to stay this action, pending a ruling from the California Supreme

23

24

25       [1]  The amended petition (Dkt. No. 4), filed shortly after petitioner filed his initial petition
     (Dkt. No. 1), and before service of process on respondents, is the operative petition.  Fed. R. Civ.
26   P. 15(a).

                                            1

1    Court.[2]  (Dkt. Nos. 7, 8.)  Petitioner has been granted in forma pauperis status.  (Dkt. No. 3.)

2              This action lacks merit.  Federal courts lack jurisdiction to issue a writ of

3    mandamus directed at state courts or their judges.  Demos v. United States District Court, 925

4    F.2d 1160, 1161 (9th Cir. 1991) (petition for writ of mandamus to compel state court action is

5    frivolous as a matter of law), citing 28 U.S.C. § 1651.  Rather, "[t]he district courts shall have

6    original jurisdiction of any action in the nature of mandamus [only] to compel an officer or

7    employee of the United States or agency thereof to perform a duty owed to the plaintiff."  28

8    U.S.C. § 1361.  Thus, pursuant to 28 U.S.C. § 1651, federal courts may issue only those "writs

9    necessary or appropriate in aid of their respective jurisdictions," that is, within a federal court's

10   subject matter jurisdiction as defined by statute.  See Commercial Security Bank v. Walker Bank

11   & Trust Co., 456 F.2d 1352, 1355 (10th Cir. 1972) ("Section 1651(a) does not operate to confer

12   jurisdiction; ancillary jurisdiction is provided where jurisdiction is otherwise already lodged in

13   the court") (fn. omitted).

14             Because petitioner may not seek a writ of mandamus from a federal court to direct

15   the conduct of state officials, his petition must be dismissed, and this action closed.[3]

16             Accordingly, for the reasons stated herein, IT IS HEREBY RECOMMENDED

17   that:

18             1.  Petitioner's amended petition for a writ of mandamus (Dkt. No. 4) be

19   dismissed with prejudice for lack of jurisdiction;

20             2.  Petitioner's motions to stay this action (Dkt. Nos. 7, 8) be denied as moot; and

21

22        [2] This action was referred to the undersigned and to the above-noted district judge on August
     31, 2011.  (Dkt. Nos. 11, 12.)  The court notes, however, that this action was originally filed on April
23   22, 2011, in the Fresno division of this court.

24        [3] After the California Supreme Court has ruled on each of petitioner's claims, petitioner may
     file a new action in habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and
25   sentence.  A federal district court may not consider a petition for habeas corpus unless the petitioner
     has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy, 455 U.S. 509
26   (1982).

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 6, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

haye1378.mand